**ESTATE OF Esther KLIEMAN, et al., Plaintiffs,**

v.

**The PALESTINIAN AUTHORITY, et al., Defendants.**

**Civil Action No. 04–1173 (PLF/JMF).**

United States District Court, District of Columbia.

April 10, 2012.

Noel Jason Nudelman, Matthew S. Apfel, Richard D. Heideman, Tracy Reichman Kalik, Heideman Nudelman & Kalik, P.C., Steven R. Perles, Perles Law Firm, P.C., Washington, DC, for Plaintiffs.

Charles Francis Benedict McAleer, Jr., Mark J. Rochon, Richard A. Hibey, Lamia R. Matta, Timothy Patrick O'Toole, Miller & Chevalier, Chartered, Washington, DC, for Defendants.

**MEMORANDUM ORDER**

JOHN M. FACCIOLA, United States Magistrate Judge.

This case was referred to me for discovery. Currently pending and ready for resolution are *Plaintiffs' Motion for an Order to Compel the Production of Documents Subpoenaed from the British Broadcasting Corporation* [# 132] and *Non–Party British Broadcasting Corporation's Cross–Motion to Quash Subpoena* [# 137].

Plaintiffs are the survivors and heirs of Esther Klieman, a United States citizen who was killed on March 24, 2002 near Neve Tzuf, Israel. *Complaint* [# 1] ¶ 1. Defendants are 1) the Palestinian Authority (also known as the Palestinian Interim Self–Government and the Palestinian National Authority) ("PA"), 2) the Palestinian

Liberation Organization ("PO"), 3) the Al Aqsa Martyrs Brigade (also known as Martyrs of Al Aqsa) ("Al Aqsa"), 4) Fateh, 5) Tanzim, 6) Force 17, 7) Yasser Arafat, 8) Marwan Barghouti, 9) Tamer Rassam Salim Rimawi, 10) Hussam Abdul–Kader Ahemed Halabi, 11) Ahmed Hamad Rushdie Hadib, and 12) Anan Azis Salim Hashash. *Id.* ¶¶ 8–15. The suit is being brought under the Antiterrorism Act of 1991, 18 U.S.C. §§ 2331 *et seq.*[1] ("ATA") as well as under additional statutes. *Id.*

In plaintiffs' current motion, they seek to compel third-party British Broadcasting Corporation ("BBC")[2] to comply with a previously issued subpoena, which sought the following:

1) An authentic, complete and unedited audiovisual copy of the BBC program titled "Arafat Investigated" which was broadcast by BBC on or about November 9, 2003 ("Program"); and

2) Authentic, complete and unedited audiovisual copies of all audiovisual recordings recorded during the preparation and making of the Program and/or for the purpose of preparing and making the Program which relate to the interviews with Ata Abu Rumaileh and Zakaria Zubaidi, including all such recordings of said interviews with Ata Abu Rumaileh and Zakaria Zubaidi which were not ultimately included in the Program which was broadcast ("Outtakes"); and

3) Foundational deposition testimony from a knowledgeable employee of BBC regarding the authenticity of the Program and the Outtakes, and the manner in which they were created and stored by BBC, for the pur-

---

1. All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

2. "The BBC is a British public service broadcaster that, among other programming, provides independent news programs to the global public about issues of international concern." [# 137–1] at 3.

pose of establishing their admissibility as "business records." [# 132–1] at 5–6.

Service of the subpoena was made by plaintiffs on the BBC's Washington, D.C. Bureau office. [# 132–1] at 7. It noticed a deposition *duces tecum* for September 28, 2011 at 9:30 a.m. in Washington, D.C. *Id.* On September 26, 2011, the BBC e-mailed plaintiffs' counsel objecting to the subpoena and stating the following: "We are not aware of any urgency and therefore consider that the subpoena does not grant the BBC a reasonable time to comply. Further, we can confirm that there is no employee, officer or other suitable person with knowledge of the relevant matters who works, resides or regularly transacts business within 100 miles of the location of the subpoena/issuing court." *Id.* On November 9, 2011, plaintiffs filed the instant motion and shortly thereafter, on December 5, 2011, the BBC filed its cross-motion to quash.

The uncontradicted representation by the BBC in that e-mail, now confirmed by statements in BBC's papers, means that the only person who can meet the qualifications of paragraph 3 of the subpoena is not in the United States and certainly not within 100 miles of this Court. Accordingly, the subpoena must be quashed. Fed. R.Civ.P. 45(c)(3)(A)(ii).

It is therefore, hereby,

**ORDERED** that *Plaintiffs' Motion for an Order to Compel the Production of Documents Subpoenaed from the British Broadcasting Corporation* [# 132] is **DENIED** and *Non–Party British Broadcasting Corporation's Cross–Motion to Quash Subpoena* [# 137] is **GRANTED.**

**SO ORDERED.**